IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21–cv–02372–KMT

MICHAEL RAYMOND JUDGE,

    Plaintiff,

v.

EL PASO COUNTY,
JENNIE ABEGGLEN, Work Release Coordinator,
Deputy [First Name Unknown] Byrd, a female law enforcement officer of the El Paso County Sheriff's Office, Supervisor to Jennie Abegglen,
ANDREW PREHM, Commander, Detention Operations Division, and
BILL ELDER, El Paso County, Colorado Sheriff,

    Defendants.

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on the Order to Show Cause, which was issued by the undersigned on December 6, 2021, regarding Plaintiff's failure to serve any of the five defendants named in his complaint. (Doc. No. 4.)

*Pro se* Plaintiff Michael Raymond Judge commenced this lawsuit, on September 2, 2021, asserting claims, pursuant to 42 U.S.C. § 1983, against Defendants El Paso County, Jennie Abegglen, Deputy [First Name Unknown] Bryd, Andrew Prehm, and Bill Elder. (Doc. No. 1.) To date, service has not been effectuated upon any defendant. It is now well-past the ninety-day deadline for service. *See* Fed. R. Civ. P. 4(m).

On December 6, 2021, this court ordered Plaintiff to show case as to why this case should not be dismissed without prejudice, pursuant to Federal Rule of Civil Procedure 4(m), for lack of service. (Doc. No. 4.) Plaintiff was explicitly warned that his failure to timely respond and show cause, in writing, for his failure to properly serve the defendants named in his complaint would result in this court issuing a recommendation to dismiss the case, in its entirety. (*Id.* at 2.) To date, however, Plaintiff has not responded to the Order to Show Cause.

Although the court may extend the time for a plaintiff to serve a defendant, even without a showing of good cause, the court is not inclined to do so here. *See Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir. 1995). This case has been pending against all five defendants since September 2021. (*See* Doc. No. 1 at 2-3.) Plaintiff has failed to effect service of any defendant within ninety days of the filing of this case, and he has failed to provide any reason for the court to find that an opportunity exists to cure the service deficiency in the future. Further, Plaintiff was warned, in advance, that the penalty for his failure to serve, or to provide good cause for the service delay, would be the dismissal of his claims against the unserved defendants. (Doc. No. 8 at 3.) Regardless of Plaintiff's desire to proceed with his case, and to have the defendants answer the claims asserted against them, neither goal can be accomplished without service. Therefore, because the facts and circumstances in this case do not support a permissive extension of time to serve, the Order to Show Cause is made absolute.

Accordingly, it is

**ORDERED** that the Order to Show Cause (Doc. No. 4) is made **ABSOLUTE**. This court respectfully

**RECOMMENDS** that this case be **DISMISSED without prejudice**, pursuant to Federal Rule of Civil Procedure 4(m).

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had

waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 7th day of January, 2022.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge